74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Betty KEITH, Plaintiff-Appellant,
v.
SOUTH BEND LATHE, INC., Precision Tool & Manufacturing
Company of Illinois, Deka Drill Corp., Defendants,
and
AMSTED INDUSTRIES, INC., Defendant-Appellee.
 No. 95-6188.
(D.C.No. CIV-93-2162-A)
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this diversity case, Betty Keith (Keith) appeals from the district court's order granting summary judgment to the defendant-appellee Amsted Industries, Inc. (Amsted).
 
 
 3
 Keith suffered permanent injuries on December 3, 1991, while working with a Deka Drill in Perry, Oklahoma. The drill was defective when manufactured in June of 1965 by Deka Drill Corporation (Deka).
 
 
 4
 On July 15, 1966, Amsted purchased the manufacturing assets of Deka, together with its facility, inventory, trademarks and trade name for approximately $2,000,000. At that time, Deka was owned by the three Sainati brothers, Bruno, Jerry and Leo. They were the sole stockholders, officers and directors of Deka. None of them became officers or directors of Amsted. Furthermore, the Deka drill product became less than one percent of Amsted's total sales, inasmuch as Amsted was a business with seven divisions, of which the Deka Drill became one.
 
 
 5
 Amsted did not design or manufacture the Deka Drill allegedly used by and which allegedly caused Keith's injuries. It was manufactured by Deka, which, under its purchase agreement with Amsted, agreed to retain all liabilities for products it manufactured.
 
 
 6
 Before the district court, Keith argued that Amsted was liable on her product liability claim because the written purchase agreement between Amsted and Deka and the circumstances surrounding the transaction (1) effected a de facto merger between the corporations, and/or (2) constituted a continuation of the business activities resulting in successor liability. These same contentions are raised on appeal.
 
 
 7
 We affirm for substantially the reasons set forth in the district court's Order of April 5, 1995.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties